IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-04182-PAB-SBP

RICHELLE BURNETT,

Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., and
HOST HOTELS & RESORTS, INC.,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 13]. Plaintiff filed a response, Docket No. 15, and defendants filed a reply. Docket No. 16.

## I. BACKGROUND[1]

Plaintiff is a resident of Colorado. Docket No. 1 at 1, ¶ 1. On or about December 15, 2024, plaintiff was in New York, New York on a trip with her daughter and was staying at the New York Marriott Marquis Hotel ("Marriott"). *Id.* at 2, ¶¶ 8, 13. Plaintiff slipped and fell on a slippery substance located on the floor of the Marriott. *Id.* at 3, ¶ 19. Upon arriving home in Colorado, plaintiff needed surgery on her knee as a result of the fall. *Id.*, ¶¶ 22, 30. Plaintiff alleges that the Marriott failed to comply with the

[1] The facts below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendants' motion to dismiss.

Building Code of the City of New York. *Id.* at 4, ¶¶ 38-40. On December 29, 2025, plaintiff filed this complaint in the United States District Court for the District of Colorado against the Marriott and Host Hotels & Resorts, Inc., who holds legal title to the Marriott. *See generally id.* Plaintiff brings one claim for negligence. *Id.* at 4-5, ¶¶ 45-50.

On February 18, 2026, defendants filed a motion to dismiss for lack of venue under Federal Rule of Civil Procedure 12(b)(3). Docket No. 13. On February 24, 2026, plaintiff filed a response, Docket No. 15, and on March 3, 2026, defendants filed a reply. Docket No. 16.

## II. LEGAL STANDARD

In reviewing a motion to dismiss for improper venue pursuant to Rule 12(b)(3), all "well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper." *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1260-61 (10th Cir. 2012) (quoting 5B Charles Alan Wright, et al., *Federal Practice & Procedure* § 1352 (2004)). The court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id.* at 1261 (quotation and citation omitted). However, once venue is challenged, it is the plaintiff's burden to show that venue is proper in the forum district. *See Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998); 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1352 (3d ed. 2015) (noting that imposing burden on plaintiff "seems correct inasmuch as it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue").

## III. ANALYSIS

Defendants argue that the District of Colorado is an improper venue for plaintiff's action and the Court should therefore dismiss the action or, in the alternative, transfer this action to the Southern District of New York. Docket No. 13 at 2-7. In response, plaintiff argues that defendants are actually bringing a forum non conveniens argument, not an argument that venue is improper. Docket No. 15 at 2.

The forum non conveniens doctrine allows a court to dismiss a case due to concerns regarding convenience even when proper venue is established. *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 426 (10th Cir. 2006) (citing *Am. Dredging Co. v. Miller,* 510 U.S. 443, 447-48 (1994)). However, this is not what defendants argue. Defendants argue that plaintiff cannot establish proper venue in the District of Colorado. *See generally* Docket No. 13. Unlike forum non conveniens analysis, "a plaintiff's convenience is irrelevant in determining whether venue is proper." *Cox v. Mobilex USA*, 2016 WL 4920185, at *4 (W.D. Okla. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 4916847 (W.D. Okla. Sept. 14, 2016) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979)). Plaintiff primarily cites Colorado law. Docket No. 15 at 5-8. But "federal Courts of Appeal have routinely held that in diversity cases venue is a procedural matter, governed by federal statute and rules, not by state law." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 13207307, at *8 (D. Colo. May 1, 2019) (collecting cases).

The federal statute governing venue is 28 U.S.C. § 1391. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In her complaint, plaintiff does not allege which subsection of § 1391(b) provides the basis for venue. However, in response to the motion to dismiss, plaintiff asserts that venue is proper under § 1391(b)(1). Docket No. 15 at 3.

Plaintiff asserts that defendants are subject to personal jurisdiction in Colorado because they "conduct substantial, continuous, and systematic business in Colorado." Docket No. 15 at 3. Therefore, plaintiff argues that defendants "reside" in Colorado under § 1391(c)(2) and that venue is proper in the District of Colorado under § 1391(b)(1). *Id.* Section 1391(c)(2) states that a business entity, if a defendant, shall be deemed to reside in any judicial district in which the business entity is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether

jurisdiction offends due process. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351, 358 (2021) (citation omitted). A court may exercise general jurisdiction only when a defendant's contacts with the forum state are "so continuous and systematic" that it is "essentially at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted); *see also Ford Motor Co.*, 592 U.S. at 359. It is only "in an exceptional case" that "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG*, 571 U.S. at 139 n.19.

Plaintiff's argument that defendants "conduct substantial, continuous, and systematic business in Colorado" is an argument that the Court has general jurisdiction

over defendants.[2] Docket No. 15 at 3. Both defendants are incorporated in Maryland and have their principal places of business in Maryland. Docket No. 1 at 1, ¶¶ 2-3. Therefore, plaintiff must show that this is "an exceptional case" to establish that the Court has general jurisdiction over defendants. *Daimler AG*, 571 U.S. at 139 n.19. Plaintiff's sole argument regarding jurisdiction is that defendants "both operate branded hotel properties in Colorado, maintain registered agents here, and avail themselves of Colorado's commercial marketplace." Docket No. 15 at 3.

The Court finds the argument unpersuasive. Plaintiff does not provide any details regarding defendants' Colorado operations or how defendants "avail themselves" of Colorado's marketplace. "[T]he mere transaction of business in a state by a company headquartered elsewhere, without more, cannot form the basis for either general or specific personal jurisdiction." *Mondragon v. Nosrak LLC*, No. 19-cv-01437-CMA-NRN, 2020 WL 2395641, at *8 (D. Colo. May 11, 2020) (internal quotation and citation omitted). Thus, the fact that defendants operate in Colorado does not necessarily establish general jurisdiction. While such operations, coupled with defendants availing themselves of Colorado's marketplace, could potentially rise to the level of establishing "substantial and continuous" business contacts with Colorado, plaintiff provides no details regarding the extent of defendants' business operations. "Conclusory allegations as to the transaction of business, devoid of further factual support, are insufficient to establish a good faith basis for personal jurisdiction over a defendant." *Ryuunosuke Takeshige v. Rich Broad. LLC*, No. 20-cv-1262-WJM-KLM, 2021 WL

[2] Plaintiff does not argue that the Court has personal jurisdiction due to any conduct of defendants related to this action, which would be relevant to specific jurisdiction. *See generally* Docket No. 15.

2351036, at *2 (D. Colo. June 9, 2021) (citing *Daimler AG*, 571 U.S. 117; *Jamieson v. Hoven Vision LLC*, No. 20-cv-1122-WJM-KLM, 2021 WL 1564788, at *2–3 (D. Colo. Apr. 21, 2021)); *see also Wallace v. Golden Rule Ins. Co.*, 2023 WL 6380016, at *2 (W.D. Okla. Sept. 29, 2023) ("threadbare allegations are insufficient to support a finding that the [defendants'] affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (internal quotations and citation omitted). The fact that defendants maintain registered agents in Colorado does not change this analysis, as "the appointment of a registered agent in Colorado does not necessarily subject a foreign corporation to general jurisdiction." *Allied Carriers Exch., Inc. v. All. Shippers, Inc.*, 1999 WL 35363796, at *3 (D. Colo. Sept. 22, 1999).

Plaintiff's complaint asserts a different basis for personal jurisdiction that is not referenced in plaintiff's response. Specifically, plaintiff states that "[t]he Court has personal jurisdiction over Defendants pursuant to F.R.C.P 4(k) as Defendants are hospitality companies which operate internationally, including in Colorado, and both have therefore submitted themselves to the jurisdiction of this Court." Docket No. 1 at 2, ¶ 5. "Federal Rule of Civil Procedure 4 governs service of process." *Clear Spring Prop. & Cas. Co. v. Arch Nemesis, LLC*, 2023 WL 6123741, at *9 (D. Kan. Sept. 19, 2023). Rule 4(k)(1)[3] states that

> (1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

[3] Rule 4(k)(2) applies only to claims that arise under federal law and is therefore irrelevant to this action, which brings a negligence claim under state law. Fed. R. Civ. P. 4(k)(2).

> (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
>
> (C) when authorized by a federal statute.

Fed. R. Civ. P. 4(k)(1).

Plaintiff does not specify which subsection she believes establishes personal jurisdiction in this case, but the Court finds that none of the subsections do so. Under Rule 4(k)(1)(A), "personal jurisdiction is established by serving a defendant who is subject to the long-arm statute of the state in which the federal court is located." *Wootton New Holland, LLC v. Cap. Mach. 1 Corp.*, 2017 WL 9500997, at *2 (W.D. Okla. Sept. 5, 2017). As explained above, "because a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute, the Court need only consider whether the exercise of personal jurisdiction over Defendant is permitted by the Due Process Clause." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1068 (D. Colo. 2015). Thus, plaintiff's assertion of personal jurisdiction under Rule 4(k)(1)(A) is circular, arguing that the Court has personal jurisdiction over defendants because defendants are subject to the Court's personal jurisdiction. The Court, however, already found that plaintiff has not established that the Due Process Clause allows the exercise of personal jurisdiction over defendants in this case, regardless of the fact that defendants operate in Colorado. Moreover, no party is joined under Rule 14 or Rule 19 in this case and plaintiff cites no federal statute applicable under Rule 4(k)(1)(C). Therefore, neither plaintiff's unsubstantiated argument in her motion nor plaintiff's allegation in her complaint establish that the Court has personal jurisdiction over

defendants. Accordingly, the Court finds that defendants do not "reside" in Colorado under § 1391(c)(2) and that venue is not proper under § 1391(b)(1).

Plaintiff's complaint asserts that venue "is proper in this Court pursuant to 28 U.S.C. § 1391 as the vast majority of Plaintiff's extensive medical treatment occurred in Colorado, numerous essential witnesses are located in Colorado, the Court has personal jurisdiction over this matter, and other evidence essential to prove Plaintiff's claim[ ] is located in Colorado." Docket No. 1 at 2, ¶ 6. None of these allegations establish that venue is proper in the District of Colorado. Plaintiff's assertion that evidence and numerous essential witnesses are located in Colorado is suspect, as the events giving rise to this case took place in New York. *See id.* at 2-3, ¶¶ 7-28. More importantly, such allegations relate only to the convenience of the plaintiff, which is irrelevant in determining whether venue is proper. *Leroy*, 443 U.S. at 185. Plaintiff's allegation that she received extensive medical treatment in Colorado fares no better. Section 1391(b)(2) states that venue is proper in "a judicial district in which a substantial part of the events or omissions *giving rise to the claim* occurred." 28 U.S.C. § 1391(b)(2) (emphasis added). Plaintiff's negligence claim arises from slipping in the Marriott, not from the medical care she received after she slipped. *See generally* Docket No. 1. Thus, the fact that such medical care was received in Colorado does not establish venue in the District of Colorado. *See Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1286-87 (D.N.M. 2012) (finding that the fact plaintiff had injuries treated in the forum state does not constitute a substantial part of the events giving rise to the claim); *Cox*, 2016 WL 4920185, at *4 (finding that the fact plaintiff continues to suffer from his

injuries while in the forum state does not establish that venue is proper in that state). Therefore, the Court finds that venue is improper in the District of Colorado.

Although the Court has determined that venue is improper, dismissal is not automatic. Section 1406 of Title 28 of the United States Code provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[F]actors warranting transfer rather than dismissal . . . include finding that the new action would be time barred, . . . that the claims are likely to have merit, . . . and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (internal quotations and citations omitted). The Court will analyze each factor in turn.

"Under New York law, a plaintiff must bring [her] negligence claim within three years of accrual." *Est. of JLA v. Fike*, 2025 WL 3132302, at *4 (N.D.N.Y. Nov. 10, 2025) (citing N.Y. C.P.L.R. § 214). New York law dictates that "a cause of action for negligence accrues at the time of the injury." *United States v. Livecchi*, 711 F.3d 345, 353 n.8 (2d Cir. 2013) (citing N.Y. C.P.L.R. § 214(5); *Barrell v. Glen Oaks Vill. Owners, Inc.*, 814 N.Y.S. 2.d 276, 277 (N.Y. App. Div. 2006)). Therefore, plaintiff's cause of action accrued on or about December 15, 2024, when she slipped and fell. *See* Docket No. 1 at 2, ¶ 8. Thus, plaintiff's claim will not be time-barred until December 2027, which weighs in favor of dismissing this action. As to the second factor, defendants concede that "it appears that the Complaint sufficiently articulates a claim to survive a

motion to dismiss." Docket No. 13 at 6. Therefore, this factor weighs in favor of transferring the case. Finally, the Court finds that plaintiff should have realized that the District of Colorado is an improper forum before filing this case. Longstanding Supreme Court precedent cautions that, in a state where a defendant is neither incorporated nor has its principal place of business, general jurisdiction only exists in "an exceptional case." *Daimler AG*, 571 U.S. at 139 n.19. Therefore, plaintiff should have known that its conclusory allegation that defendants operate in Colorado is insufficient to establish that defendants are subject to general jurisdiction in Colorado, such that they reside in Colorado for purposes of § 1391(b)(1). Accordingly, the Court finds that two out of three factors weigh in favor of dismissal. The Court will dismiss this action without prejudice.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 13] is **GRANTED**. It is further

**ORDERED** that plaintiff's claim for relief is **DISMISSED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 8, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge